STEVENSON, C.J.
A.A.R. appeals his delinquency adjudication and disposition after the trial court found he violated the terms of a deferred prosecution agreement, referred to locally in the juvenile court as a “plea and pass agreement.” Pursuant to the agreement, A.A.R. pled guilty to the pending charges of battery and battery on a law enforcement officer and was required to complete a diversionary program. If A.A.R. completed the program without being arrested for a new offense, A.A.R. would be allowed to withdraw his guilty plea and the State would dismiss the charges. Before A.A.R. completed the diversionary program, the police arrested A.A.R. for providing a false name. Based on the new arrest, the trial court held A.A.R. violated the agreement and committed him to the Department of Juvenile Justice. While the instant appeal was pending, this court reversed A.A.R.’s conviction for providing a false name and, in so doing, implicitly determined that the arrest was improper. See A.A.R. v. State, 926 So.2d 463, 463 (Fla. 4th DCA 2006) (reversing conviction for “giving a false name to a police officer” where juvenile corrected the false information before he was arrested). In the interest of justice, we reverse A.A.R.’s adjudication of delinquency and remand for further proceedings consistent with this opinion.[1]

Reversed and Remanded.

GUNTHER and MAY, JJ„ concur.

. We note that we cannot fault the trial court for its initial ruling in this case. A.A.R.’s defense counsel failed to challenge the legality of the arrest at the hearing below.